UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CASE NO. 2:24-CR-00282-01** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **COURTNEY EUGENE ELLIOTT (01)** | **MAGISTRATE JUDGE LEBLANC** |

## ORDER

The Court has received a letter from Defendant Courtney Elliott (Doc. 2) wherein the Defendant requests that the Court grant an early termination of supervised release. The Government opposes Defendant's early release.[1]

On June 2, 2020, the State of Oklahoma charged Defendant with first degree manslaughter, DUI with BAC of .018 or greater, great bodily injury, and driving with a cancelled/suspended/revoked license. On October 28, 2020, Defendant was indicted in the Eastern District of Oklahoma for involuntary manslaughter in violation of 18 U.S.C. § § 1112, 1151, and 1152. Defendant pleaded guilty on April 5, 2021.

The defendant's guideline imprisonment range was 33 to 41 months. The United States filed a Motion for an Upward Variance from the Guideline,[2] In the motion, the United States addressed the multiple, relevant factors of 18 U.S.C. § 3553(a). In particular, the defendant knowingly drove drunk, struck a vehicle head-on, killed 27-year-old Taylor Renee Daniel, and injured Daniel's minor daughter. Defendant committed this crime after having been convicted for DUI on two prior occasions. The Court granted the United

---

[1] Doc. 3.
[2] Government exhibit 1.

States' motion and sentenced Defendant to 60 months of imprisonment and three years of supervised release.

A Court may terminate supervised release after one year with consideration of all relevant factors. See 18 U.S.C. § 3583(e)(1); 18 U.S.C. § 3553(a); *United States v. Jeanes*, 150 F.3d 483, 484 (5th Cir. 1998). The Court must be "satisfied that such action is warranted by the conduct of the defendant released and in the interest of justice." 18 U.S.C. § 3583(e)(1). Broad discretion is given to the Court in determining whether to terminate supervised release, but in general, "something more than compliance with the terms of supervised release is required to justify an early termination." *United States v. Seymore*, No. 07-0358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023).

The Government notes that although Defendant has served at least one year of supervised release, the Court should consider the exceptionally egregious nature of his crime and notes that Defendant had two prior convictions for DUI. Additionally, Defendant is not prohibited from traveling to Oklahoma to visit his daughter once he obtains pre-approval from the United States Probation Office. Having considered all, and noting the egregious nature of Defendants' conviction,

**IT IS ORDERED** that Defendant's request for early release of supervised release is **DENIED.**

**THUS DONE AND SIGNED** in Chambers on this 24th day of February, 2026.

_____
**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**